UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80717-CIV-ZLOCH

DEUTSCHE BANK NATIONAL TRUST,

    Plaintiff,

vs.  **FINAL ORDER OF REMAND**

LINDSAY JENKINS, et al.,

    Defendants.
_____/

    THIS MATTER is before the Court sua sponte. The Court has carefully reviewed the entire court file and is otherwise fully advised in the premises.

    Plaintiff Deutsche Bank National Trust, initiated the instant action in the Fifteenth Judicial Circuit, Palm Beach County, Florida. Defendant Lindsay Jenkins timely filed a Notice Of Removal (DE 1) to this Court wherein she alleged that this action would otherwise properly be brought in federal court. Specifically, the Notice Of Removal alleges that the above-styled cause could be brought before this Court pursuant to its diversity jurisdiction. 28 U.S.C. § 1332 (2006).

    Pursuant to 28 U.S.C. § 1447(c) (2006), this Court may, sua sponte, review this matter, and "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Id. Whether an action filed in state court may properly be removed to federal court is determined from the record at the time the notice of removal is filed. See Pullman Co. v. Jenkins, 305 U.S. 534 (1939). The Court notes that the federal courts are courts of limited jurisdiction. The presumption, in fact, is that a federal court lacks jurisdiction in a particular case until the parties demonstrate that jurisdiction over the subject matter exists. United States v.

Rojas, 429 F.3d 1317, 1320 (11th Cir. 2005), citing Turner v. Bank of N. Am., 4 U.S. (4 Dall.) 8, 10 (1799).

Furthermore, in-state defendants lack the ability to remove diversity actions to federal court in certain circumstances detailed below.

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship of the parties. <u>Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought</u>.

28 U.S.C. § 1441(b) (2006) (emphasis added). Defendant Lindsay Jenkins alleges that she is a "citizen of the State of Florida." DE 1, ¶ 2. And although she contests service of process, the record is clear that she has been properly served.

In foreclosure proceedings, Florida law permits service on a person outside of Florida to be made by registered mail as follows:

> (a) The party's attorney or the party, if the party is not represented by an attorney, shall place a copy of the original process and the complaint, petition, or other initial pleading or paper and, if applicable, the order to show cause issued pursuant to Fla. Stat. § 702.10 in a sealed envelope with adequate postage addressed to the person to be served.
> (b) The envelope shall be placed in the mail as registered mail.
> (c) Service under this subsection shall be considered obtained upon the signing of the return receipt by the person allowed to be served by law.

Fla. Stat. § 48.194(2) (2008). Every pleading submitted by Jenkins has listed her address as "300 Burns Street Forest Hills, NY 11375." See e.g., DE 1. Thus, it is clear that Jenkins currently resides in New York, though she alleges Florida citizenship.

2

Plaintiff has effected service of process as required under this statute as evidenced by the Return Of Service Affidavit Of George N. Andrews (DE 14, Ex. A) and by the documents attached to the Notice Of Removal (DE 1). Because Defendant Lindsay Jenkins is a citizen of Florida and she has been properly served, the above-styled cause has been improperly removed and must be remanded to state court.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. The above-styled cause be and the same is hereby **REMANDED** to state court;

2. The Clerk of the United States District Court, Southern District of Florida, be and the same is hereby **DIRECTED** to forward a certified copy of this Order to the Clerk of the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, Case No. 07-13509; and

3. To the extent not otherwise disposed of herein, all pending Motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___20th___ day of August, 2008.

```
                    _____
                    WILLIAM J. ZLOCH
                    United States District Judge
```

Copies furnished:

All Parties and Counsel of Record

Clerk, Circuit Court (Certified Copy)
Palm Beach County, Florida
Case No. 07-13509