```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                    CASE NO. 08-80717-CIV-ZLOCH
```

DEUTSCHE BANK NATIONAL TRUST,

      Plaintiff,

vs.                                              **OMNIBUS ORDER**

LINDSAY JENKINS, et al.,

      Defendants.
_____/

    THIS MATTER is before the Court upon Defendant Lindsay Jenkins's Motion To Vacate Void Order Of Remand (DE 24), Defendant Lindsay Jenkins's Motion To Consolidate Cases Before Judge Gold (DE 25), and Defendant Lindsay Jenkins's Motion To Recuse Judge Zloch (DE 26). The Court has carefully reviewed said Motions and the entire court file and is otherwise fully advised in the premises.

    Plaintiff Deutsche Bank National Trust, initiated the instant action in the Fifteenth Judicial Circuit, Palm Beach County, Florida. Defendant Lindsay Jenkins timely filed a Notice Of Removal (DE 1) to this Court wherein she alleged that this action would otherwise properly be brought in federal court. Specifically, the Notice Of Removal alleged that the above-styled cause could be brought before this Court pursuant to its diversity jurisdiction. 28 U.S.C. § 1332 (2006). Defendant further alleged that she is a citizen of the State of Florida. DE 1, ¶ 2. Based on Defendant's allegation as to her own citizenship, the Court remanded the case to state court because "in-state defendants lack the ability to remove diversity actions to federal court in certain

circumstances." DE 21, p. 2.

After the Court remanded the case to state court, Defendant filed the instant Motions, and she filed an "Amended Notice Of Removal" in which she now alleges that she is "a citizen of the United Kingdom." DE 23, ¶ 2. Defendant has previously alleged her citizenship is in Florida, presumably to obtain diversity jurisdiction, and now that the Court has remanded the case for the lack thereof, her citizenship is conveniently different.

It is well established that 28 U.S.C. § 1447(d) prohibits review of a remand order "on appeal or otherwise." Because a second removal on the same grounds is, in essence, a request for review of a remand order by a district court, such removal "does not reinvest the court's jurisdiction." Seedman v. United States District Court for the Central District of Florida, 837 F.2d 413, 414 (9th Cir. 1988). There are very limited circumstances when a Party may remove a case a second time. In those instances, the basis for the second removal must differ from the first. That is, a pleading must establish that the Court's consideration of the second removal is more than reconsideration of the "same grounds" upon which the case was first removed. See Midlock v. Apple Vacations West, Inc., 406 F.3d 453, 457-58 (7th Cir. 2005); see also TKI, Inc. v. Nichols Research Corp., 191 F. Supp. 2d 1307, 1310 (M.D. Ala. 2002) (finding that the filing of a second notice of removal was appropriate where by subsequent affidavit "Plaintiff . . . contradicted the very affidavit which the court relied on in remanding the case"). By filing a second notice of removal based

on the same facts and allegations, a defendant is simply attempting to "circumvent section 1447(d)'s prohibition on reconsideration." Nicholson v. National Accounts, Inc., 106 F. Supp. 2d 1269, 1271 (S.D. Ala. 2000).

A second notice of removal is permitted under § 1446(b), provided that it is "through service of a copy of an amended pleading, motion, order, or other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b) (2006). Courts have adopted the general rule to accompany the statute's language, that a second notice of removal requires a voluntary act by the Plaintiff. See, e.g., Zea v. Avis Rent A Car System, Inc., 435 F. Supp. 2d 603, 606 (S.D. Tex. 2006) (citing Gaitor v. Pennisular & Occidental S.S. Co., 287 F.2d 252, 254 (5th Cir. 1961)). This voluntary act must affect the propriety of removal, and the basis for jurisdiction cannot be created by a defendant. Id.

Defendant's Amended Notice of Removal (DE 23), which is nothing more than an attempt to remove the case for a second time, relies entirely on the Complaint's jurisdictional basis as it existed at the time of the Court's first review, and, as such, Defendant seek to remove the case on the same grounds: diversity of citizenship between the Parties.

The fact that Defendant's Amended Notice Of Removal purports to allege that Lindsay Jenkins is a citizen of the United Kingdom and not of Florida, as she previously alleged, does not alter the general rule that removal a second time is prohibited under § 1447.

3

Nothing has changed in this action, by way of Plaintiff's claims in its Complaint, that would permit Defendant to remove the case for a second time.  Because Defendant's Amended Notice Of Removal (DE 23) is simply an attempt to re-allege the pleading requirements of § 1332 and is not based upon a new pleading that signifies a jurisdictionally significant event, the Court finds that it is prohibited by § 1447(d) from reviewing the Amended Notice Of Removal (DE 23) and from exercising jurisdiction over the above-styled cause.

Accordingly, and after due consideration, it is

**ORDERED AND ADJUDGED** that Defendant Lindsay Jenkins's Motion To Vacate Void Order Of Remand (DE 24), Defendant Lindsay Jenkins's Motion To Consolidate Cases Before Judge Gold (DE 25), and Defendant Lindsay Jenkins's Motion To Recuse Judge Zloch (DE 26) be and the same are hereby **DENIED.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___15th___ day of September, 2008.

                                        WILLIAM J. ZLOCH
                                        United States District Judge

Copies furnished:

The Honorable Alan S. Gold
United States District Judge

All Parties and Counsel of Record